JAMES UNGRODT, Corporation Counsel Calumet County
You request my opinion on four questions relating to the withdrawal or exemption of towns from coverage under county comprehensive zoning ordinances enacted pursuant to sec. 59.97, Stats. Your questions together with my responses follow.
 "1. Can a county enact a provision in its zoning ordinance adopting a procedure for towns to withdraw from coverage by a zoning ordinance?
 "2. If so, would the procedure for town withdrawal have to be by the consent of the county board, or could the county ordinance merely allow towns to withdraw on their own volition?"
Section 59.97, Stats., the basic legislative grant of power to counties to enact a comprehensive zoning ordinance for the unincorporated area within their boundaries, is to be liberally construed in favor of the exercise of such power. Sec. 59.97 (13), Stats. But, under the provisions of that statute, the comprehensive county zoning ordinance is not effective in any town until it is approved by the town board, sec. 59.97 (5)(c) and (d), Stats.; and the Legislature has made no provision authorizing withdrawal of such town approval once it is given. As our court noted in Jefferson County v. Timmel, 261 Wis. 39,54-55, 51 N.W.2d 518 (1952):
 "Sec. 59.97, Stats. 1947, which covers the subject of county zoning ordinances contains no provision permitting a town board which has once approved a county zoning ordinance to later withdraw such approval. In the absence of such an *Page 198 
expressed statutory provision permitting a town to withdraw or rescind a prior approval once given to a county zoning ordinance, it is our conclusion that neither the town nor the town board possesses such power of withdrawal or rescission, and that the attempted withdrawal or rescission by the special town meeting of the town of Farmington on April 16, 1951, was therefore a nullity. . . ."
Likewise, there is no express statutory provision authorizing the county to permit a town to withdraw or rescind its prior approval of the county zoning ordinance nor is there any provision from which such authority could be reasonably implied. Thus, it is apparent on the face of the statute that a county lacks the authority to enact a provision such as you suggest. As previously indicated in 48 Op. Att'y Gen. 65 (1959):
 "It is fundamental that a county has no inherent police power and it follows that it has no inherent zoning powers. Accordingly, power to zone exists in a county solely by virtue of the delegation of that power from the state. . . ."
You point out that sec. 59.97 (6), Stats., reads in part as follows:
 "Optional additional procedures. Nothing in this section shall be construed to prohibit the zoning agency or the county board or a town board from adopting any procedures, formal or informal, in addition to
those prescribed in this section and not in conflict
therewith. . . ."
You suggest that this subsection may provide the authority for a county to establish a procedure for towns to withdraw from the county zoning ordinance. But, sec. 59.97 (5)(c) provides that the county zoning ordinance shall be effective in each town from and after the filing of the town board's approving resolution with the county clerks. This is not a procedural requirement which can be altered by each county board as it may choose, and any county zoning ordinance provision which would purport to authorize a town to terminate the effectiveness of the county zoning in a town by allowing it to rescind its prior approval would be an invalid attempt to create a substantive requirement in direct conflict with the statute.
 "3. If the county cannot adopt a procedure in its zoning ordinance for town withdrawal, can the preamble to the *Page 199 
ordinance which would normally state, `This ordinance shall be in effect upon approval by the towns under Sec. 59.97 (5)(c)', be thereafter amended to provide that the ordinance would be in effect `. . . except in the Town of ______________'?"
A full and fair reading of sec. 59.97 can only lead to the conclusion that the intent of the Legislature is for the county board to enact a county zoning ordinance which is comprehensive in nature and countywide in scope. As subsec. (4) states, the ordinance is to be "effective within the areas within such county outside the limits of incorporated villages and cities." The provision you propose would be inconsistent with that statutory mandate.
More specifically, as emphasized previously, sec. 59.97 (5)(b), (c) and (d), Stats., specifically authorizes each individual town to make the determination whether or not it will become subject to the county zoning ordinance. The Legislature clearly has not delegated that authority to the county board, either expressly or by necessary implication.
 "4. If allowing town withdrawal from a county zoning ordinance is not possible under questions 1, 2 and 3, could the county zoning map be amended to create an `unzoned' town, allowing the town to adopt its own exclusive ordinance, having adopted village powers?"
The answer to this question is no. "Unzoned" towns and "exclusive" town zoning ordinances are concepts which are foreign to and inconsistent with the statutory zoning scheme established for counties which have enacted countywide zoning ordinances.
You indicate that Calumet County adopted a comprehensive revision of its county zoning ordinance in November, 1976. Under the provisions of sec. 59.97 (5)(d), Stats., towns which have not adopted the comprehensive revision to date are not subject to its provisions nor would they be subject, since November, 1977, to the provisions of the county zoning ordinance which it replaced. Obviously, such towns are currently "unzoned" and no action to amend the county zoning map is necessary to "unzone" them.
Town boards in those towns within the county which adopt village powers and also are authorized by their electorate to exercise the zoning power may enact town zoning ordinances and amendments *Page 200 
thereto, subject to county board approval. Secs. 60.18 (12), 60.29 (13) and 60.74 (7), Stats. Even in such instances the need for or the propriety of an amendment to the county zoning ordinance as suggested in your question is not apparent. In fact, a county which took such action might well void itself of any standards or criteria upon which to base its statutory review of a town zoning proposal submitted for approval under sec. 60.74
(7), Stats. Similarly, the town itself, as it developed its ordinance, would be without guidelines regarding what zoning would be compatible with the county plan and acceptable to the county board. Such totally separated, insular planning by a town would be inconsistent with the broad, area-wide purposes of zoning enumerated in sec. 59.97 (1), Stats.
BCL:JCM